IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GILEAD SCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| APOTEX INC. and APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF GILEAD SCIENCES, INC.'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Gilead Sciences, Inc. ("Gilead" or "Plaintiff"), by its undersigned attorneys, hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the U.S., Title 35, United States Code, against Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"). This action arises out of Apotex's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA").

2. Apotex seeks approval to market a generic copy of Gilead's highly successful product, GENVOYA®, containing a four-drug combination of elvitegravir, cobicistat, emtricitabine, and tenofovir alafenamide, prior to the expiration of U.S. Patent Nos. 8,754,065 ("the '065 patent") and 9,296,769 ("the '769 patent") (together, the "Patents-In-Suit"). Gilead attaches hereto true and accurate copies of each of the Patents-In-Suit as Exhibits A–B.

## PARTIES

### *Plaintiff Gilead*

3.      Plaintiff Gilead Sciences, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 333 Lakeside Drive, Foster City, California 94404.

4.      Gilead is a research-based pharmaceutical company that invents, develops, and brings to market revolutionary pharmaceutical products in areas of unmet medical need, including treatments for human immunodeficiency virus ("HIV"), hepatitis B virus ("HBV"), hepatitis C virus ("HCV"), hepatitis delta virus ("HDV"), liver diseases, serious cardiovascular and respiratory diseases, and cancer. Gilead's portfolio of products includes treatments for HIV using the drugs elvitegravir, cobicistat, emtricitabine, and tenofovir alafenamide. Gilead is the owner of the Patents-In-Suit.

### *Defendants Apotex Inc. & Apotex Corp.*

5.      On information and belief, Apotex Inc. is a foreign corporation organized and existing under the laws of Canada, having its principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

6.      On information and belief, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2400 N. Commerce Parkway Suite 400, Weston, FL 33326.

7.      On information and belief, Apotex, alone and through subsidiaries, affiliates, agents, and partners, manufactures, distributes, and/or imports generic copies of branded pharmaceutical products for sale and use throughout the United States, including in this District.

8. On information and belief, Apotex, alone and with subsidiaries, affiliates, agents, and partners, prepared and filed ANDA No. 218575 (the "GENVOYA ANDA"), seeking approval to manufacture, import, market, and/or sell a generic copy of Gilead's GENVOYA® product (the "GENVOYA ANDA Product") in or into the United States, including in this District, if the FDA approves the GENVOYA ANDA.

9. On information and belief, Apotex is the holder of the GENVOYA ANDA. On information and belief, Apotex Corp. is an authorized U.S. agent of Apotex Inc., including for the GENVOYA ANDA.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 100 et seq., including §§ 271(e)(2), 271(a), 271(b), 271(c), and 271(g). This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

11. The Court also has jurisdiction to adjudicate this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and justiciable controversy exists between Gilead and Apotex of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the parties' adverse legal interests with respect to the Patents-In-Suit.

### *Apotex Inc.*

12. On information and belief, this Court has personal jurisdiction over Apotex, Inc. by virtue of, *inter alia*, its systematic and continuous contacts with this jurisdiction, as alleged herein. On information and belief, either directly or through subsidiaries, agents, and/or affiliates, Apotex Inc. regularly and continuously transacts business within Delaware, including by manufacturing, selling, offering for sale, marketing, distributing, and/or importing generic

versions of pharmaceutical products in the United States, including in Delaware.  On information and belief, either directly or through subsidiaries, agents, and/or affiliates, Apotex Inc. has received more than 90 FDA approvals to market and sell pharmaceutical products throughout the United States, including in Delaware.  On information and belief, Apotex Inc. derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business in Delaware.

13.    On information and belief, Apotex Inc. markets and distributes its pharmaceutical products through subsidiaries, agents, and/or affiliates including Apotex Corp., a Delaware corporation that is registered to do business and has appointed an agent to accept service in Delaware. On information and belief, Apotex Inc., through Apotex Corp., is licensed to sell generic pharmaceutical products in the State of Delaware pursuant to 24 Del. C. § 2540.

14.    On information and belief, Apotex Inc. and Apotex Corp. operate and act in concert as an integrated, unitary business.  On information and belief, Apotex Inc. and Apotex Corp. work in concert with respect to the manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in Delaware.

15.    This Court also has personal jurisdiction because Apotex Inc., together with Apotex Corp., has filed an ANDA for a generic copy of Gilead's GENVOYA® product, seeking approval from the FDA to market and sell the GENVOYA ANDA Product, throughout the United States, including in Delaware.  On information and belief, Apotex Inc. intends to commercially manufacture, use, and sell the GENVOYA ANDA Product upon receiving FDA approval.  On information and belief, if and when the FDA approves the GENVOYA ANDA, the GENVOYA ANDA Product would, among other things, be marketed, distributed, and sold in Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of

which would have a substantial effect on Delaware. By filing the GENVOYA ANDA, Apotex Inc. has made clear that it intends to use its distribution channels to direct sales of the GENVOYA ANDA Product into Delaware.

16.     Further, this Court has personal jurisdiction over Apotex Inc. because it has previously been sued in this District and has not challenged personal jurisdiction, and Apotex Inc. has affirmatively availed itself of this Court's jurisdiction by filing counterclaims in this District. *See, e.g.*, *Gilead Sciences, Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 22-1399, D.I. 25 (D. Del. Mar. 1, 2023); *Gilead Sciences, Inc. v. Apotex Inc. et al.*, Civil Action No. 20-189, D.I. 28 (D. Del. Apr. 13, 2020); *Horizon Medicines LLC et al. v. Apotex Inc. et al.*, Civil Action No. 22-640, D.I. 35 (D. Del. June 28, 2022); *Galderma Laby's L.P. et al. v. Apotex Inc. et al.*, Civil Action No. 22-724, D.I. 13 (D. Del. June 23, 2022); *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, Civil Action No. 21-1429, D.I. 14 (D. Del. Mar. 1, 2022); *Zogenix, Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 21-1533, D.I. 13 (D. Del. Jan. 3, 2022); *Bial-Portela & CA S.A. et al. v. Apotex Inc. et al.*, Civil Action No. 21-187, D.I. 6 (D. Del. Mar. 3, 2021); *Intercept Pharma., Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 20-1105, D.I. 10 (D. Del. Oct. 23, 2020); *UCB, Inc. et al. v. Annora Pharma Pvt. Ltd. et al.*, Civil Action No. 20-987, D.I. 33 (D. Del. Oct. 6, 2020); *Sanofi-Aventis U.S., LLC et al. v. Actavis LLC et al.*, Civil Action No. 20-804, D.I. 46 (D. Del. July 20, 2020); *Merck Sharp & Dohme Corp. v. Apotex Inc. et al.*, Civil Action No. 20-749, D.I. 7 (D. Del. June 26, 2020).

17.     Alternatively, this Court may exercise personal jurisdiction over Apotex Inc. pursuant to Federal Rule of Civil Procedure 4(k)(2) because: (a) Gilead's claims arise under federal law; (b) Apotex Inc. is a foreign company not subject to personal jurisdiction in the courts of any state; and (c) Apotex Inc. has sufficient contacts with the United States as a whole, including but

not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Apotex Inc. satisfies due process.

18.     Venue is proper in this Court for Apotex Inc. under 28 U.S.C. § 1391(c)(3) because Apotex Inc. is a foreign corporation and may be sued in any judicial district in the United States in which it is subject to the court's personal jurisdiction, including in this District.

### *Apotex Corp.*

19.     On information and belief, this Court has personal jurisdiction over Apotex Corp. because, *inter alia*, it is incorporated in Delaware.

20.     On information and belief, Apotex Corp. has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being subject to the jurisdiction of the court in the District of Delaware.

21.     On information and belief, Apotex Corp., directly and/or through its parent company Apotex Inc., markets, distributes, and sells generic pharmaceutical products throughout the United States, including in this District.

22.     On information and belief, Apotex Corp. derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in this District, directly and/or through its parent company Apotex Inc.

23.     On information and belief, this Court also has personal jurisdiction because Apotex Corp., together with Apotex Inc., has filed an ANDA for a generic copy of Gilead's GENVOYA® product, seeking approval from the FDA to market and sell the GENVOYA ANDA Product, throughout the United States, including in Delaware. On information and belief, Apotex Corp. intends to commercially manufacture, use, and sell the GENVOYA ANDA Product upon

receiving FDA approval. On information and belief, if and when the FDA approves the GENVOYA ANDA, the GENVOYA ANDA Product would, among other things, be marketed, distributed and sold in Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of which would have a substantial effect on Delaware. By filing the GENVOYA ANDA, Apotex Corp. has made clear that it intends to use its distribution channels to direct sales of the GENVOYA ANDA Product into Delaware.

24.     Further, this Court has personal jurisdiction over Apotex Corp. because it has previously been sued in this District and has not challenged personal jurisdiction, and Apotex Corp. has affirmatively availed itself of this Court's jurisdiction by filing counterclaims in this District. *See, e.g.*, *Gilead Sciences, Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 22-1399, D.I. 25 (D. Del. Mar. 1, 2023); *Horizon Medicines LLC et al. v. Apotex Inc. et al.*, Civil Action No. 22-640, D.I. 35 (D. Del. June 28, 2022); *Galderma Laby's L.P. et al. v. Apotex Inc. et al.*, Civil Action No. 22-724, D.I. 13 (D. Del. June 23, 2022); *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, Civil Action No. 21-1429, D.I. 14 (D. Del. Mar. 1, 2022); *Zogenix, Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 21-1533, D.I. 13 (D. Del. Jan. 3, 2022); *Bial-Portela & CA S.A. et al. v. Apotex Inc. et al.*, Civil Action No. 21-187, D.I. 6 (D. Del. Mar. 3, 2021); *Intercept Pharma., Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 20-1105, D.I. 10 (D. Del. Oct. 23, 2020); *UCB, Inc. et al. v. Annora Pharma Pvt. Ltd. et al.*, Civil Action No. 20-987, D.I. 33 (D. Del. Oct. 6, 2020); *Sanofi-Aventis U.S., LLC et al. v. Actavis LLC et al.*, Civil Action No. 20-804, D.I. 46 (D. Del. July 20, 2020); *Merck Sharp & Dohme Corp. v. Apotex Inc. et al.*, Civil Action No. 20-749, D.I. 7 (D. Del. June 26, 2020).

25.     Venue is proper in this Court for Apotex Corp. under 28 U.S.C. § 1400(b) because, *inter alia*, Apotex Corp. is incorporated in Delaware.

**PATENTS-IN-SUIT**

26.    On June 17, 2014, the U.S. Patent and Trademark Office duly and legally issued the '065 patent, titled, "Tenofovir Alafenamide Hemifumarate." A true and correct copy of the '065 patent is attached hereto as Exhibit A. The claims of the '065 patent are valid, enforceable, and not expired. Gilead Sciences, Inc. is the assignee of the '065 patent.

27.    On March 29, 2016, the U.S. Patent and Trademark Office duly and legally issued the '769 patent, titled, "Tenofovir Alafenamide Hemifumarate." A true and correct copy of the '769 patent is attached hereto as Exhibit B. The claims of the '769 patent are valid, enforceable, and not expired. Gilead Sciences, Inc. is the assignee of the '769 patent.

**ACTS GIVING RISE TO THIS ACTION**

***GENVOYA®***

28.    Gilead holds approved NDA No. 207561 for tablets containing a four-drug combination of elvitegravir (EVG), a human immunodeficiency virus (HIV-1) integrase strand transfer inhibitor, cobicistat (COBI), a CYP3A inhibitor, and emtricitabine (FTC) and tenofovir alafenamide (TAF), both HIV-1 nucleoside analog reverse transcriptase inhibitors. The tablets are indicated as a complete regimen for the treatment of HIV-1 infection.

29.    Gilead markets the tablets approved under NDA No. 207561 in the United States under the registered trademark GENVOYA®. FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") identifies the Patents-In-Suit, among other patents, for GENVOYA®.

30.    At least one claim of each of the Patents-In-Suit covers GENVOYA®, or approved methods of using GENVOYA®.

8

31.     Apotex submitted to FDA an ANDA listing GENVOYA® as the reference listed drug ("RLD").

*Apotex's Acts Regarding GENVOYA®*

32.     On information and belief, Apotex, alone and with subsidiaries, affiliates, agents, and partners, submitted to FDA the GENVOYA ANDA under Section 505(j) of the FDCA, seeking FDA's approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of the GENVOYA ANDA Product before the expiration of the Patents-In-Suit.  On information and belief, FDA assigned the ANDA number 218575.

33.     On information and belief, Apotex sent a letter dated June 1, 2023 to Gilead ("Apotex's GENVOYA Notice Letter"), purporting to be a notice pursuant to 21 U.S.C. § 355(j)(2)(B).  Apotex's GENVOYA Notice Letter states that the GENVOYA ANDA includes certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the Patents-In-Suit.

34.     Gilead received Apotex's GENVOYA Notice Letter on or about June 2, 2023.

35.     This action is being commenced before the expiration of 45 days from the date Gilead received Apotex's GENVOYA Notice Letter, which triggers a stay of FDA approval of the GENVOYA ANDA pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

36.     By submitting the GENVOYA ANDA, Apotex has represented to FDA that the GENVOYA ANDA Product has the same active ingredients as GENVOYA®; has the same dosage forms and strengths as GENVOYA®; and is bioequivalent to GENVOYA®.

37.     On information and belief, Apotex's proposed label for its GENVOYA ANDA Product (the "Proposed Label") will refer to the product as, *inter alia*, a four-drug combination of elvitegravir, cobicistat, emtricitabine, and tenofovir alafenamide, indicated as a complete regimen for the treatment of HIV-1 infection.

38.     On information and belief, the Proposed Label will instruct physicians and healthcare providers to administer the GENVOYA ANDA Product for the treatment of HIV-1 infection.

39.     On information and belief, the Proposed Label will contain data relating to the treatment of patients with HIV-1 infection, obtained from clinical studies involving GENVOYA®.

## COUNTS I-IV FOR PATENT INFRINGEMENT

### Count I: Infringement of the '065 Patent nder 35 U.S.C. § 271(e)(2) by the GENVOYA ANDA Product

40.     Gilead realleges the foregoing paragraphs as if fully set forth herein.

41.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex has committed an act of infringement of the '065 patent by submitting to FDA the GENVOYA ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the GENVOYA ANDA Product in or into the United States prior to the expiration of the '065 patent.

42.     Apotex's commercial manufacture, use, offer for sale, sale, and/or importation of the GENVOYA ANDA Product prior to the expiration of the '065 patent, and its inducement of and/or contribution to such conduct, would constitute infringement of at least one of the claims of the '065 patent either literally or under the doctrine of equivalents, including but not limited to claim 1.

43.     On information and belief, for example, the GENVOYA ANDA Product contains tenofovir alafenamide hemifumarate and thus falls within the scope of at least claim 1 of the '065 patent, either literally or under the doctrine of equivalents.

44.     On information and belief, Apotex also seeks approval to market the GENVOYA ANDA Product for a use claimed in at least claim 17 of the '065 patent.

10

45.     The commercial manufacture, importation, use, sale, or offer for sale of the GENVOYA ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

46.     Unless and until Apotex is enjoined from infringing the '065 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**Count II: Declaratory Judgment of Infringement of the '065 Patent under 35 U.S.C. §§ 271(a)-(c) and/or (g) by the GENVOYA ANDA Product**

47.     Gilead realleges the foregoing paragraphs as if fully set forth herein.

48.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

49.     There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the U.S. Constitution, and that actual case or controversy requires a declaration of rights by this Court.

50.     Apotex has submitted to FDA an ANDA for a generic version of Gilead's GENVOYA® product.  According to Apotex's GENVOYA Notice Letter, Apotex intends to commercially manufacture, use, offer for sale, sell, and/or import the GENVOYA ANDA Product in or into the United States.

51.     Although FDA has not approved the GENVOYA ANDA, Apotex has made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, sell, offer to sell, and/or import the GENVOYA ANDA Product.

52.     Apotex's actions indicate that it does not intend to change its course of conduct.

53.     On information and belief, upon FDA approval of the GENVOYA ANDA, Apotex will infringe one or more claims of the '065 patent, either literally or under the doctrine of equivalents, including but not limited to claim 1, by making, using, offering to sell, and/or selling the GENVOYA ANDA Product, and/or importing said product into the United States, and/or by

11

actively inducing and contributing to infringement, under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), unless enjoined by the Court.

54.    On information and belief, for example, the GENVOYA ANDA Product contains tenofovir alafenamide hemifumarate and thus falls within the scope of at least claim 1 of the '065 patent, either literally or under the doctrine of equivalents.

55.    On information and belief, if the GENVOYA ANDA is approved by FDA, Apotex will commercially manufacture, use, offer to sell, and/or sell the GENVOYA ANDA Product in the United States, and/or import said product into the United States.

56.    Through at least the foregoing actions, Apotex will directly infringe one or more claims of the '065 patent under 35 U.S.C. § 271(a).

57.    On information and belief, Apotex has actual knowledge of the '065 patent.

58.    On information and belief, Apotex became aware of the '065 patent no later than the filing of its GENVOYA ANDA.

59.    On information and belief, if the GENVOYA ANDA is approved by FDA, the commercial manufacture, use, offer to sell, and/or sale of the GENVOYA ANDA Product in the United States, and/or importation of said product into the United States will directly infringe one or more claims of the '065 patent.

60.    On information and belief, if the GENVOYA ANDA is approved by the FDA, Apotex will actively induce, encourage, aid and abet the commercial manufacture, use, offer for sale, and/or sale of the GENVOYA ANDA Product in the United States, and/or importation of said product into the United States, with knowledge and specific intent that the conduct infringes the '065 patent.

61. On information and belief, the Proposed Label will include directions and instructions that instruct physicians and healthcare providers to administer the GENVOYA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the '065 patent.

62. On information and belief, at least through the Proposed Label Apotex will encourage physicians and healthcare providers to administer the GENVOYA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the '065 patent, and Apotex will know that such conduct will occur.

63. On information and belief, Apotex will actively induce, encourage, aid and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the '065 patent.

64. Through at least the foregoing actions, Apotex will actively induce the infringement of at least one claim of the '065 patent under 35 U.S.C. § 271(b).

65. On information and belief, Apotex knows that the GENVOYA ANDA Product will be especially made or adapted for use in infringing the '065 patent and that the GENVOYA ANDA Product is not suitable for substantial non-infringing use.

66. On information and belief, if the GENVOYA ANDA is approved by the FDA, the commercial manufacture, use, offer to sell, and/or sale of the GENVOYA ANDA Product in the United States, and/or the importation of said product into the United States will infringe the '065 patent.

67. On information and belief, if the GENVOYA ANDA is approved by the FDA, Apotex's offer to sell and/or sale of the GENVOYA ANDA Product in the United States, and/or

the importation of said product into the United States will contribute to the actual infringement of the '065 patent.

68.     On information and belief, Apotex knows that its offer to sell and/or sale of the GENVOYA ANDA Product in the United States, and/or the importation of said product into the United States will contribute to the actual infringement of the '065 patent.

69.     Through at least the foregoing actions, Apotex will contribute to the infringement of at least one claim of the '065 patent under 35 U.S.C. § 271(c).

70.     On information and belief, if the GENVOYA ANDA is approved by FDA, Apotex will import a product made by a process claimed in the '065 patent into the United States and/or offer to sell, sell, or use that product in the United States.

71.     On information and belief, the product made by a process claimed in the '065 patent will not be materially changed by a subsequent process nor will it become a trivial and nonessential component of another product.

72.     Through at least the foregoing actions, Apotex will infringe at least one claim of the '065 patent under 35 U.S.C. § 271(g).

73.     Gilead is entitled to a declaratory judgment that Apotex's commercial manufacture, use, offer for sale, sale, and/or importation of the GENVOYA ANDA Product in or into the United States, and/or Apotex's inducement and contribution to the same, prior to the expiration of the '065 patent will constitute infringement of the '065 patent.

74.     The commercial manufacture, importation, use, sale, or offer for sale of the GENVOYA ANDA Product in or into the United States in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

14

75.    Unless and until Apotex is enjoined from infringing the '065 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**Count III: Infringement of the '769 Patent nder 35 U.S.C. § 271(e)(2)
by the GENVOYA ANDA Product**

76.    Gilead realleges the foregoing paragraphs as if fully set forth herein.

77.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex has committed an act of infringement of the '769 patent by submitting to FDA the GENVOYA ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the GENVOYA ANDA Product in or into the United States prior to the expiration of the '769 patent.

78.    Apotex's commercial manufacture, use, offer for sale, sale, and/or importation of the GENVOYA ANDA Product prior to the expiration of the '769 patent, and its inducement of and/or contribution to such conduct, would constitute infringement of at least one of the claims of the '769 patent either literally or under the doctrine of equivalents, including but not limited to claim 1.

79.    On information and belief, for example, the GENVOYA ANDA Product contains tenofovir alafenamide hemifumarate, wherein the composition comprises less than about 5% by weight of tenofovir alafenamide monofumarate, and thus falls within the scope of at least claim 1 of the '769 patent, either literally or under the doctrine of equivalents.

80.    On information and belief, Apotex also seeks approval to market the GENVOYA ANDA Product for a use claimed in at least claim 10 of the '769 patent.

81.    The commercial manufacture, importation, use, sale, or offer for sale of the GENVOYA ANDA Product in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

82.     Unless and until Apotex is enjoined from infringing the '769 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

**Count IV: Declaratory Judgment of Infringement of the '769 Patent under 35 U.S.C. §§ 271(a)-(c) and/or (g) by the GENVOYA ANDA Product**

83.     Gilead realleges the foregoing paragraphs as if fully set forth herein.

84.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

85.     There is an actual case or controversy such that the Court may entertain Gilead's request for declaratory relief consistent with Article III of the U.S. Constitution, and that actual case or controversy requires a declaration of rights by this Court.

86.     Apotex has submitted to FDA an ANDA for a generic version of Gilead's GENVOYA® product.  According to Apotex's GENVOYA Notice Letter, Apotex intends to commercially manufacture, use, offer for sale, sell, and/or import the GENVOYA ANDA Product in or into the United States.

87.     Although FDA has not approved the GENVOYA ANDA, Apotex has made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, sell, offer to sell, and/or import the GENVOYA ANDA Product.

88.     Apotex's actions indicate that it does not intend to change its course of conduct.

89.     On information and belief, upon FDA approval of the GENVOYA ANDA, Apotex will infringe one or more claims of the '769 patent, either literally or under the doctrine of equivalents, including but not limited to claim 1, by making, using, offering to sell, and/or selling the GENVOYA ANDA Product in the United States, and/or importing said product into the United States, and/or by actively inducing and contributing to infringement, under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), unless enjoined by the Court.

90.     On information and belief, for example, the GENVOYA ANDA Product contains tenofovir alafenamide hemifumarate, wherein the composition comprises less than about 5% by weight of tenofovir alafenamide monofumarate, and thus falls within the scope of at least claim 1 of the '769 patent, either literally or under the doctrine of equivalents.

91.     On information and belief, if the GENVOYA ANDA is approved by FDA, Apotex will commercially manufacture, use, offer to sell, and/or sell the GENVOYA ANDA Product in the United States, and/or import said product into the United States.

92.     Through at least the foregoing actions, Apotex will directly infringe one or more claims of the '769 patent under 35 U.S.C. § 271(a).

93.     On information and belief, Apotex has actual knowledge of the '769 patent.

94.     On information and belief, Apotex became aware of the '769 patent no later than the filing of its GENVOYA ANDA.

95.     On information and belief, if the GENVOYA ANDA is approved by FDA, the commercial manufacture, use, offer to sell, and/or sale of the GENVOYA ANDA Product in the United States, and/or importation of said product into the United States will directly infringe one or more claims of the '769 patent.

96.     On information and belief, if the GENVOYA ANDA is approved by the FDA, Apotex will actively induce, encourage, aid and abet the commercial manufacture, use, offer for sale, and/or sale of the GENVOYA ANDA Product in the United States, and/or importation of said product into the United States, with knowledge and specific intent that the conduct infringes the '769 patent.

97.     On information and belief, the Proposed Label will include directions and instructions that instruct physicians and healthcare providers to administer the GENVOYA ANDA

Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the '769 patent.

98.    On information and belief, at least through the Proposed Label Apotex will encourage physicians and healthcare providers to administer the GENVOYA ANDA Product in order to treat HIV-1 infection in accordance with the methods described and claimed in the '769 patent, and Apotex will know that such conduct will occur.

99.    On information and belief, Apotex will actively induce, encourage, aid and abet that conduct by physicians and healthcare providers with knowledge and specific intent that the conduct infringes the '769 patent.

100.    Through at least the foregoing actions, Apotex will actively induce the infringement of at least one claim of the '769 patent under 35 U.S.C. § 271(b).

101.    On information and belief, Apotex knows that the GENVOYA ANDA Product will be especially made or adapted for use in infringing the '769 patent, and that the GENVOYA ANDA Product is not suitable for substantial non-infringing use.

102.    On information and belief, if the GENVOYA ANDA is approved by the FDA, the commercial manufacture, use, offer to sell, and/or sale of the GENVOYA ANDA Product in the United States, and/or the importation of said product into the United States will infringe the '769 patent.

103.    On information and belief, if the GENVOYA ANDA is approved by the FDA, Apotex's offer to sell and/or sale of the GENVOYA ANDA Product in the United States, and/or the importation of said product into the United States will contribute to the actual infringement of the '769 patent.

18

104. On information and belief, Apotex knows that its offer to sell and/or sale of the GENVOYA ANDA Product in the United States, and/or the importation of said product into the United States will contribute to the actual infringement of the '769 patent.

105. Through at least the foregoing actions, Apotex will contribute to the infringement of at least one claim of the '769 patent under 35 U.S.C. § 271(c).

106. On information and belief, if the GENVOYA ANDA is approved by FDA, Apotex will import a product made by a process claimed in the '769 patent into the United States and/or offer to sell, sell, or use that product in the United States.

107. On information and belief, the product made by a process claimed in the '769 patent will not be materially changed by a subsequent process nor will it become a trivial and nonessential component of another product.

108. Through at least the foregoing actions, Apotex will infringe at least one claim of the '769 patent under 35 U.S.C. § 271(g).

109. Gilead is entitled to a declaratory judgment that Apotex's commercial manufacture, use, offer for sale, sale, and/or importation of the GENVOYA ANDA Product in or into the United States, and/or Apotex's inducement and contribution to the same, prior to the expiration of the '769 patent will constitute infringement of the '769 patent.

110. The commercial manufacture, importation, use, sale, or offer for sale of the GENVOYA ANDA Product in or into the United States in violation of Gilead's patent rights will cause harm to Gilead for which damages are inadequate.

111. Unless and until Apotex is enjoined from infringing the '769 patent, Gilead will suffer substantial and irreparable harm for which there is no remedy at law.

19

**PRAYER FOR RELIEF**

WHEREFORE, Gilead prays that this Court grant the following relief:

A)      A judgment that Apotex has infringed the '065 patent and the '769 patent under 35 U.S.C. § 271(e)(2)(A);

B)      A judgment and order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the GENVOYA ANDA shall be a date which is not earlier than the day after the latest expiration date of the '065 patent and the '769 patent, as extended by any applicable periods of exclusivity to which Gilead is or will be entitled;

C)      A judgment declaring that Apotex's commercial manufacture, use, offer for sale, sale, and/or importation of the GENVOYA ANDA Product in or into the United States prior to the expiration of the '065 patent and the '769 patent (including such actions by its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with Apotex or acting on Apotex's behalf) will constitute infringement of the '769 patent and the '065 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g) and providing any further necessary or proper relief based on the Court's declaratory judgment or decree;

D)      An order under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 permanently enjoining Apotex, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the GENVOYA ANDA Product until the day after the latest expiration date of the '769 patent and the '065 patent, including any extensions and/or additional periods of exclusivity to which Gilead is or will be entitled, and from otherwise infringing one or more claims of the '769 patent and the '065 patent;

20

E)      A declaration that this case is exceptional;

F)      An award of Gilead's costs, expenses, reasonable attorneys' fees and such other relief as the Court deems proper and just pursuant to 35 U.S.C. § 271(e)(4) and 35 U.S.C. § 285; and

G)      Such other and further relief as this Court deems just and proper.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| --- | --- |
|  | */s/ Jeremy A. Tigan* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
|  | Jeremy A. Tigan (#5239) |
| Charlotte Jacobsen | 1201 North Market Street |
| Allyson E. Parks | P.O. Box 1347 |
| GIBSON, DUNN & CRUTCHER LLP | Wilmington, DE  19899 |
| 200 Park Avenue | (302) 658-9200 |
| New York, NY  10166-0193 | jblumenfeld@morrisnichols.com |
| (212) 351-4000 | jtigan@morrisnichols.com |
| | |
| David Glandorf | *Attorneys for Plaintiff Gilead Sciences, Inc.* |
| GIBSON, DUNN & CRUTCHER LLP | |
| 1801 California Street, Suite 4200 | |
| Denver, CO  80202-2642 | |
| (303) 298-5700 | |
| | |
| Darish Huynh | |
| GIBSON, DUNN & CRUTCHER LLP | |
| 3161 Michelson Drive, Suite 1200 | |
| Irvine, CA  92612-4412 | |
| (949) 451-3800 | |

July 14, 2023

21